THE STATE, WILLIAM A. SHREVE, PROSECUTOR, PLAINTIFF IN ERROR, v. CROSLEY, COLLECTOR, &c., OF THE CITY OF TRENTON, DEFENDANT IN ERROR.

1. The deduction of debts in cases of taxation must be claimed and made, in the first instance, at the place of the residence of the tax payer.
2. The commissioners of appeal in case of taxation, have a right to reconsider their opinion until such opinion has been officially promulgated by them.

Error to the Supreme Court.

The *certiorari* in this case was brought to set aside the tax assessed on certain real estate owned by the prosecutor in the city of Trenton, in the year 1865. After argument, the assessment was affirmed by the Supreme Court at June Term, 1867, an opinion was delivered, but never filed in the office of the clerk. The judgment was removed into this court, and errors assigned.

State, Shreve, Pros., v. Crosley, Collector of Trenton.

For the plaintiff in error, *F. Kingman.*

For the defendant in error, *J. S. Aitkin.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    In the year 1865, a tax was assessed on certain real estate situated in the city of Trenton. This property was owned by Mr. Shreve, the prosecutor, who was, at the time of such assessment, a resident of Bordentown, Burlington county.    The agent of the prosecutor went before the commissioners of appeal in cases of taxation, in Trenton, and presented an affidavit, claiming to have the amount of certain mortgages which were upon these premises, deducted from their taxable valuation.    This assessment being carried by *certiorari* into the Supreme Court, was confirmed, and it is now brought before this court by writ of error.

The first question which was here discussed is, whether the claim to deduct this mortgage money is well founded in law?

This inquiry must, I think, receive a negative response. There are repeated adjudications of the Supreme Court, to the effect that the debts of the tax payer must be deducted at the place of his residence.    This result was reached from a consideration of those provisions contained in the series of laws upon this subject, which direct the indebtedness of the person taxed to be taken from the valuation of his *personal and real estate,* and which also declare that his *personal* property shall be assessed at the place of his residence.    As the deduction was to be made, in part, from the personalty, it seemed necessary to resort, for that purpose, to the only place where that species of property was, by force of the tax laws, valued and assessed.    It would, certainly, be difficult to execute these statutes on any other theory.    Upon the argument, it was suggested that these decisions of the Supreme Court are not exactly applicable, on the ground, as it was insisted, that they do not expound the laws which were in force at the time of the making of the assessment now in dispute.    But this

is, in part, a mistake as to the fact, for in the case of *The State* v. *Williamson*, 4 *Vroom* 77, an assessment made in the year 1865 was the subject of examination, and consequently that decision is, in every respect, in point. Nor is the case of *The State* v. *Bishop*, 5 *Vroom* 45, if we regard the ground of decision, to be distinguished from the present case. Both these conditions rest on the common foundation, that as the acts direct the debts to be deducted from a conjoint valuation of personal and real property; and as such valuation is to be made only at the place of residence, the deduction, as a necessary consequence, must be made at that place. These provisions were in force in 1865, when the present assessment was made, and have been continued through the several changes of the system which have since occurred. See *Pamph. L.*, 1862, *p.* 351, §§ 7, 12; *Pamph. L.*, 1864, *p.* 732; *Nix. Dig.* 955, § 20.*
The consequence is, the cases cited are completely applicable. The deduction of debts should have been claimed by the prosecutor, at least in the first instance, at his place of residence.

There was another position taken on the argument by the counsel of the prosecutor, which seemed at first view to be more tenable. It was insisted that the commissioners of appeal decided this controversy in favor of the prosecutor.

The statute appears to give these officers plenary power over this subject. Its language is this: " The said commissioners, after due examination of the facts and consideration of the case, shall give such judgment as shall be agreeable to the principles of justice, which judgment shall be final and conclusive," &c. If, then, this tribunal, clothed with this full authority, has made a decision in favor of the claim of the prosecutor, it might be contended, on reasonable grounds, that such finding was conclusive and should be enforced. But the evidence, when carefully noted, does not present the case in this aspect. As I interpret the depositions, no decision was given in favor of the prosecutor. All that appears is that at one time the commissioners intended to do so, but that they afterwards changed their minds. The evidence shows that this

* *Rev., p.* 1157, ¿ 78.

State, Shreve, Pros., v. Crosley, Collector of Trenton.

was the course of affairs, viz.: that the agent of the prosecutor presented his affidavit to the commissioners; that some days afterwards, being the last day of their sitting, his attorney again called their attention to the appeal; that the commissioners, consulting with each other, determined to make the deduction of debts, and without announcing their intention, marked, privately, such allowance on a sheet of paper which contained memoranda relating to other appeals, and that in the afternoon of the same day they reconsidered the subject and allowed the assessment to stand in its original form.

This course of proceeding seems to me unobjectionable. All bodies, possessing a judicial capacity, have the competency to consult, resolve and reconsider, and they are not bound by their conclusions until such conclusions have been promulged by their authority. In the present instance there was nothing to prevent the further action of the board but an unannounced opinion, formed while in private consultation. It is true that the agent of the prosecutors testifies that one of the commissioners told him that the board had determined to make the deduction which was claimed. But it is not pretended that such information was communicated to him while he was before the board, or by their authority. It does not even appear when or where this intelligence was conveyed. A single member could not bind the board by an unauthorized intimation of its purpose. Under the circumstances, I see nothing wrong or illegal in the act of the commissioners in changing their views before such views had been officially announced or made known by them.

The judgment of the Supreme Court should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, SCUDDER, VAN SYCKEL, CLEMENT, DODD, LATHROP, WALES.    9.

*For reversal*—None.

CITED in *State, Cummins, pros.*, v. *Jones*, 11 *Vr.* 105; *Whitney* v. *Van Buskirk*, 11 *Vr.* 463; *State, Davison, pros.*, v. *Silvers*, 12 *Vr.* 505; *State, Vail pros.*, v. *Runyon*, 12 *Vr.* 98.